IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JACSON ALEXANDER MARTINEZ-
ARAUZ,

            *Petitioner*,

            v.

WARDEN, MOSHANNON VALLEY
PROCESSING CENTER, *et al*,

            *Respondents*.

Civil Action No. 3:26-cv-674

Hon. William S. Stickman IV

## ORDER OF COURT

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 1). On March 11, 2022, an Immigration Judge ("IJ") entered an order directing that Petitioner be removed to Nicaragua. (ECF No. 15-5). Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"). (ECF No. 15-6). On April 29, 2026, the BIA dismissed Petitioner's appeal and ordered him removed to Nicaragua. (ECF No. 15-8). In his habeas petition, Petitioner requests that he be immediately released from immigration custody, or the Court order that he receive an individualized bond hearing. (ECF No. 1).

The basis for Petitioner's continued detention has now shifted to 8 U.S.C. § 1231(a)(1). Section 1231 establishes a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A). Notably, § 1231(a)(2) holds that during the 90-day removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)…." 8 U.S.C. § 1231(a)(2). Subsequently, a noncitizen ordered removed and determined by the Attorney General to be a

1

"risk to the community or unlikely to comply with the order of removal, may be detained beyond the [90-day] removal period."  8 U.S.C. § 1231(a)(2), (6); 8 C.F.R. § 241.4(a)(1), (4).

Petitioner's removal order became administratively final when the BIA dismissed his appeal on April 29, 2026.  *See* 8 C.F.R. § 1003.1(d)(7).  He is not entitled to a bond hearing during the 90-day removal period.  *See* 8 U.S.C. § 1231(a)(2)(A).  At this juncture, the Court holds that nothing about Petitioner's detention is unreasonable.  Should his period of detention extend beyond what has been deemed presumptively reasonable for removal, i.e., six months after the removal order became final, he may then seek relief.  *See e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).

AND NOW, this 12th day of May 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:


*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

2